IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald D. Leonard,                          :

        Plaintiff                :       Civil Action 2:11-cv-1091

v.                                          :       Judge Sargus

Warden Shelton, *et al.*,                   :       Magistrate Judge Abel

        Defendants               :

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Ronald D. Leonard, an inmate at the Toledo Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that portions of the complaint fail to state a claim upon which relief may be granted and therefore **RECOMMENDS** partial dismissal of the complaint.

The complaint alleges that the Aryan Brotherhood have threatened to kill him, and defendants have failed to take sufficient precautions to protect him demonstrating deliberate indifference to his safety. A similar action is pending in this Court concerning the Ross Correctional Institution. *See* case 2:11-cv-00152. Plaintiff seeks to have this case consolidated with the earlier filed case.

The complaint also alleges that plaintiff's due process rights under the 5th and 14th Amendments were violated because of the absence of "some evidence" in a Rules Infraction Board ("RIB") hearing. The complaint alleges that plaintiff has been placed in the Limited Access Privileges Unit in the without either a conduct report or RIB

---

        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2) seeks monetary relief from a defendant who is immune from such relief.

        (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

hearing. Plaintiff also seeks an injunction ordering defendants to transfer him to the Hocking Correctional Institution because he is in imminent danger of serious physical injury.

Plaintiff has adequately stated a claim based on the Eighth Amendment; however, his claim based on the 5th and 14th Amendments fails.

> To state a procedural due process claim under §1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). The question then becomes which of prisoners' conceivable liberty interests receive Due Process Clause protection. In *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through §1983 is "freedom from restraint which... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

*Williams v. Wilkinson*, 51 Fed.Appx. 553, 556 (6th Cir. 2002). A prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggert*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Mere transfer from one prison to another – or refusal to transfer– does not by itself implicate a liberty interest protected by the Due Process Clause. As a result, plaintiff's claim that his placement in the Limited Access Privileges Unit violated his due process rights fails to state a claim.

Plaintiff also seeks a preliminary injunction from the Court requiring the Ohio Department of Rehabilitation and Correction to transfer him to Hocking Correctional

3

Institution. In determining whether to issue a preliminary injunction, the Court must consider the following four factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

Plaintiff has not alleged facts or presented evidence sufficient to warrant a preliminary injunction in this case. To establish a substantial likelihood of success on his Eighth Amendment claim, plaintiff must present evidence showing that he actually faces a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). His bare assertion that he is in danger and that the Aryan Brotherhood Gang will kill him is unsupported even by any allegations that any threats have ever been made against him by a gang member, or that he has taken some action which would lead this gang to retaliate against him. Although he presented a prison grievance asking prison authorities for protection against the Aryan Brotherhood Gang, he does not provide any actual evidence of such danger. In the absence of any showing that Plaintiff actually

4

faces a substantial risk of serious harm, the extraordinary relief Plaintiff seeks is not warranted.

Once defendants have been served, counsel for defendants is **DIRECTED** to inform the Court as to whether defendants object to having this case consolidated with case number 2:11-cv-152.

Accordingly, it is hereby **RECOMMENDED** that plaintiff's claim for deprivation of his constitutional right to due process be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983 and that his motion for a preliminary injunction be **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District

Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge