IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald D. Leonard, | : | |
| Plaintiff | : | Civil Action 2:11-cv-1091 |
| v. | : | Judge Sargus |
| Warden Shelton, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Ronald D. Leonard, an inmate at the Toledo Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge on defendant Warden Ed Shelton's unopposed March 12, 2012 motion to dismiss (doc. 11). The complaint alleges that the Aryan Brotherhood have threatened to kill plaintiff, and defendant has failed to take sufficient precautions to protect him demonstrating deliberate indifference to his safety.

<u>Defendant's Arguments</u>. Defendant Warden Shelton argues that this case should be dismissed for improper venue and for failure to state a claim upon which relief can be granted. Defendant maintains that he is located in the Northern District of Ohio, and all the conduct alleged to have occurred by plaintiff took place in the Northern District of Ohio. Defendants also argues that even if plaintiff had brought his case in the proper venue, the case should be dismissed for failure to state a claim upon which relief may

be granted. Defendant maintains that the complaint fails to explain with any specificity what kind of threat he faces beyond a bare assertion that a prison gang wishes to harm him.

> Discussion. Section 1391 of title 28 of the United States Code states:
>
> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Defendant Ed Shelton resides in Toledo, Ohio. The only other defendants are John and Jane Does of Toledo Correctional Institution, none of whom have been served with summons and complaint. All of the conduct alleged in the complaint occurred in Toledo, Ohio.

In his May 8, 2012 second motion for extension of time to file response to defendant's motion to dismiss (doc. 16), plaintiff also seeks an order transferring this case to the Northern District of Ohio Western Division. Plaintiff's request to transfer this case pursuant to 28 U.S.C. § 1406(a) is GRANTED. *Id.* ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The Magistrate Judge RECOMMENDS that this case be transferred to the Northern District of Ohio, Western Division.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

    s/Mark R. Abel
    United States Magistrate Judge